IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00040-MSK–KMT

GERALD HANSEN ELLER,

        Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANS UNION LLC,

        Defendants.

---

## OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to Defendant Trans Union LLC's ("Trans Union") Motion to Dismiss or For a More Definite Statement **(# 9)**, and the Plaintiff's response **(# 12)**.

The Plaintiff's Complaint **(# 1)** was filed in a *pro se* capacity.[1]  With regard to Trans Union, it alleges generally that Trans Union "prepared, furnished, gave, conveyed, sold, provided, released, reported, and otherwise, consumer credit reports concerning Plaintiff that include inaccurate, untruthful, wrong, incorrect, libel, and otherwise information." *Docket* # 1, ¶ 5.  In articulating specific claims against Trans Union, the Plaintiff alleges: (i) a claim for "negligent noncompliance with the [Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

---

[1]An attorney has recently entered an appearance on behalf of the Plaintiff **(# 23)**, but, as yet, has not sought leave to amend the Complaint or amplify the Plaintiff's response to the instant motion.

("FCRA")]," in that Trans Union "fail[ed] to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning the Plaintiff, as required by 15 U.S.C. § 1681e(b)," "fail[ed] to comply with the requirements in 15 U.S.C. § 1681i," and "fail[ed] to comply with the requirements in 15 U.S.C. § 1681b"; (ii) a claim for "willful noncompliance with FCRA," which is identical to the previous claim except for the assertion that Trans Union's failure to comply was "willful[ ]" rather than negligent; (iii) a claim for "willful violation of the Colorado Consumer Credit Reporting Act," C.R.S. § 12-14.3-101 *et seq.*, which states nothing more than the bare assertion that "Trans Union negligently and willfully violated" that Act, and that damages resulted therefrom; (iv) a claim for "violation of the Privacy Act of 1974," which consists essentially of the sole assertion that "Plaintiff alleges and accuses Defendant of violating the Privacy Act of 1974, in part and or in whole and seeks any and all actual and punitive damages"; (v) a claim for breach of contract (apparently relating to a prior settlement agreement), in that Trans Union "assured and gave money to Plaintiff in good faith that they would not violate their contract and or [various state and federal statutes]," and that Trans Union "willfully and or otherwise breached our contract" by reporting the inaccurate information "to and at an unknown amount of entity(s) to and at an unknown rate and to and at an unknown amount of times."

Trans Union moves **(# 9)** to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). It argues that the Complaint pleads only conclusions, and fails to allege any actual facts that would support FCRA claims.[2]   In the alternative, Trans Union requests that the Court

---

[2]Curiously, Trans Union's motion makes no reference to the Plaintiff's state law breach of contract claims.

direct the Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e), on the grounds that Trans Union is incapable of framing a responsive pleading given the current state of the Plaintiff's contentions.[3]  The Plaintiff responds (# 12) with a general contention that his pleading is sufficient; notes that the "exact wording" in the Complaint is that used in prior suits[4] that were not dismissed; and states that he "does not know how to Amend Plaintiff['s] Complaint any further or define his accusations or allegations any further," and that Trans Union "has the complete name of, birth record of, Social Security number of, [etc.] pertaining to Plaintiff."

Although counsel has recently entered an appearance on behalf of the Plaintiff, there has been inadequate time for newly-retained counsel to review the *pro se* Complaint and determine whether amendment is appropriate.  Accordingly, it is appropriate to construe the Plaintiff's Complaint under the standards applicable to *pro se* pleadings – in other words, the Court construes such pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve the Plaintiff of the duty to comply

---

[3]Notwithstanding this contention, Trans Union has, in fact, filed a substantive Answer (#10) to the Complaint.

[4]The Plaintiff does not identify the prior suits by docket number or case name.  The Court's docket records indicate two prior suits filed by the Plaintiff: *Eller v. Trans Union Credit*, D.C. Colo. Case No. 00-cv-02335-RPM-CBS, and *Eller v. Mason*, D.C. Colo. Case No. 02-cv-01926-RPM.  Both cases predate the Court's Electronic Case Filing System, making it impossible to immediately ascertain the contents of filings in either case.  However, the Court notes that the *Mason* case was dismissed by Judge Matsch for lack of subject matter jurisdiction.  The Court further notes that the Plaintiff appears to have been represented by an attorney throughout the entirety of the *Trans Union Credit* case, leaving the Court with some doubt as to whether the *pro se* Complaint in this case is indeed identical to the pleading in that case.

with the various rules and procedures governing litigants and counsel or the requirements of the

substantive law, and in these regards, the Court will treat the Plaintiff according to the same

standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.*, 508

U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all

well-plead allegations in the Complaint as true and view those allegations in the light most

favorable to the nonmoving party.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d

1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d

1226, 1236 (10th Cir. 1999).  The Complaint should not be dismissed for failure to state a claim

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v.*

*McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers,*

*Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Two recent decisions from the Supreme Court have clarified the analysis that the Court

undertakes when reviewing a pleading under Rule 12(b)(6) standards.  First, although "detailed

factual allegations" are not required, a complaint must contain more than "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint must have sufficient factual

assertions "to raise a right to relief above the speculative level."  *Id.*  Second, because the Court

is "not bound to accept as true a legal conclusion couched as a factual allegation," the court must

first identify and disregard averments that "are no more than conclusions [which] are not entitled

to the assumption of truth."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  The court then

examines the remaining, well-pled factual allegations, assuming their veracity, and determine whether the plausibly give rise to an entitlement to relief. *Id.*

Even construing the Plaintiff's Complaint liberally, the Court finds that it is comprised nearly entirely of bald conclusions of law and is almost entirely free of any actual averments of fact. The Plaintiff asserts that Trans Union has "furnished" "inaccurate" information about him on multiple occasions, but as in *Iqbal*, this is simply a conclusion. The facts that would allow one to reach that conclusion would, at a minimum, require the Plaintiff to identify the information that Trans Union supplied and the facts that show that the information provided by Trans Union was actually incorrect.[5] The Plaintiff alleges that Trans Union "fail[ed] to follow reasonable procedures" regarding the accuracy of its information and otherwise "comply with the requirements of [FCRA]," but again, these are simply conclusions. The facts that might allow one to reach these conclusions might include an identification of the particular procedures that Trans Union should have used to verify information and a description of the FCRA requirements being invoked and the ways in which Trans Union failed to abide by them.[6] The Plaintiff's failure to allege any facts supporting his claim make it impossible for the Court to

---

[5]For example, a sufficient factual averment might be: "Trans Union advised Bank of America that the Plaintiff's mortgage was more than 60 days delinquent. In actuality, the Plaintiff's mortgage has never been more than 30 days delinquent, and was current at the time Trans Union made the statement."

[6]For example, "The Plaintiff advised Trans Union that the information it was providing regarding his mortgage account was incorrect. Upon information and belief, Trans Union did not investigate the matter further, failed to obtain verification of that data from the Plaintiff's mortgage company, and otherwise failed to correct the error." And "The FCRA requires that a credit reporting agency advise its customers of any dispute filed by a creditor. Upon information and belief, Trans Union did not advise Bank of America of the Plaintiff's dispute regarding the accuracy of the information concerning his mortgage."

determine whether his claim for relief is anything more than speculative.  Accordingly, the

Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

However, this defect is readily curable by amendment, particularly where the Plaintiff is

now assisted by counsel.  Fed. R. Civ. P. 15(a) requires that leave to amend a pleading be "freely

given," and outright dismissal of an ill-pled Complaint should be limited to circumstances where

granting leave to amend would be futile because no possible repleading could cure the defect, or

where otherwise allowing leave to amend would be unjust.  *See e.g. Brereton v. Bountiful City*

*Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  Here, the Court cannot possibly determine the

actual details of the events at issue in this case, much less conclude sch facts could never state a

claim.  Accordingly, although the current Complaint is subject to dismissal, it is appropriate to

allow the Plaintiff a reasonable period of time to cure the defect by amending his Complaint.

For the foregoing reasons, Trans Union's Motion to Dismiss **(# 9)** is **GRANTED IN**

**PART**, insofar as the Court finds that the Complaint fails to plead facts sufficient to establish

any claim as required by Fed. R. Civ. P. 12(b)(6), and **DENIED IN PART**, insofar as dismissal

is not yet appropriate.  Within 20 days of the date of this Order, the Plaintiff shall file an

6

Amended Complaint adequately pleading facts sufficient to support the claim(s) for relief

asserted.  Failure to file an Amended Complaint within this deadline shall result in dismissal of

the current Complaint.

      Dated this 20th day of August, 2009

                           **BY THE COURT:**

                           _____

                           Marcia S. Krieger
                           United States District Judge