IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00040–MSK–KMT

GERALD HANSEN ELLER,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, and
TRANS UNION LLC, a foreign corporation,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on "Plaintiff's Motion to Amend Unopposed Motion to Amend First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)" (hereinafter "Motion"). [Doc. No. 70, filed December 8, 2009]  Defendant Trans Union LLC filed its Response on December 22, 2009 ("Resp.") [Doc. No. 81].  Plaintiff seeks to remove certain language from his "Unopposed Motion to Amend First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)" ("First MTAC") [Doc. No. 31] which was granted by this court on September 21, 2009. Specifically, Plaintiff seeks to omit the following language from the First MTAC: ". . . and to remove any claims relating to Fair Credit Reporting Act claims based on the alleged inaccurate reporting of the Plaintiff's student loans . . . ."  (Mot. at 1.)  In essence, Plaintiff seeks to amend the previously allowed Second Amended Complaint ("SAC") in order to reassert "claims

relating to Fair Credit Reporting Act claims based on the alleged inaccurate reporting of the Plaintiff's student loans." Therefore, the present Motion will be construed as a Motion to Amend the SAC pursuant to Rule 15(a) and to file a Third amended Complaint.[1]

### I.     *Fed. R. Civ. P. 16*

Pursuant to this court's Scheduling Order entered on April 7, 2009, the deadline to amend pleadings was November 18, 2009.  (Doc. No. 19.)  Therefore, the present Motion, filed on December 8, 2009, is not timely.  Because the Plaintiff's Motion to Amend was filed after the deadline in the Scheduling Order for amendment of pleadings, the court engages in a two-step analysis.  *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).  First, it examines whether the Defendant has shown "good cause" for seeking modification of the Scheduling Order's deadline under Fed. R. Civ. P. 16(b).  *Id.*  If good cause exists, the court proceeds to examine whether leave to amend should be granted pursuant to Fed. R. Civ. P. 15(a) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)  *Id.* at 669.

"Rule 16(b)'s 'good cause' standard to modify the Scheduling Order is stricter than Rule 15(a)'s standard governing amendment of pleadings."  *Perea v. Hunter Douglas Window Fashions, Inc.*, 06-cv-01374, 2008 WL 511409, *2 (D. Colo. Feb. 22, 2008) (citing *Pumpco, Inc.*, 204 F.R.D. at 668).  "Rule 16(b)'s focus is on the diligence of the movant, and to show 'good cause' to amend the Scheduling Order, the movant must show that 'scheduling deadlines cannot be met despite a party's diligent efforts.' "  *Id.*

---

[1] No proposed Third Amended Complaint was attached to the Motion.

Plaintiff has failed to explain why the present Motion was not filed on or before the November 18, 2009 deadline to amend pleadings. Other than a lengthy narrative explaining Plaintiff's reasons for filing suit, the Motion is utterly silent as to why Plaintiff has sought leave to amend at this late stage of the proceedings. The Plaintiff has not addressed what diligent efforts he made to comply with the discovery deadlines in the Scheduling Order, and therefore fails to make an adequate Rule 16 showing to allow an amendment at this stage. His motion is properly denied on this basis alone.

## II.     *Fed. R. Civ. P. 15*

This court, however, has also reviewed the Plaintiff's motion pursuant to the standards set forth by Fed. R. Civ. P. 15 and finds that a Third Amended Complaint should not be allowed pursuant to that Rule either.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman*, 371 U.S. at 182.

### A.     *Undue Delay*

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the

amendment. *Wessel v. Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). It is well settled in this circuit that "untimeliness alone is an adequate reason to refuse leave to amend," especially when the party filing the motion has no adequate explanation for the delay." *Duncan v. Manager, Dept. of Safety*, 397 F.3d 1300, 1315 ((2005); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993). When considering the showing necessary to establish "undue" delay, "[t]his Circuit . . . focuses primarily on the reasons for the delay." *Minter*, 451 F.3d at 1205.

As noted above, Plaintiff has failed to set forth the reason(s) for his delay in requesting allowance to file a Third Amended Complaint. This court also notes that when Plaintiff was represented by counsel,[2] he sought and was allowed to remove all claims in this case which were based on alleged misreporting of his numerous student loans, including the claims he now seeks to reassert, "[a]s a result of substantial new information having been set forth in this case." (First MTAC at 2.) Plaintiff has failed to explain why, other than his vague allusion to "substantial new information," he now seeks leave to reassert claims he voluntarily dismissed only five months prior.

During the hearing on February 8, 2010, the plaintiff was unable to state whether or not any of his student loans were being falsely or incorrectly reported by the defendants and, in spite of vigorous questioning by the court, could not provide any "new information" that the student

---

[2] Plaintiff's counsel was allowed to withdraw on November 23, 2009.

loans on his credit reports were not true and accurate. [Minutes, Doc. No. 89.] Plaintiff has provided no information subsequent to the filing of the SAC which has changed or altered the facts and evidence in his case.

### B.     *Undue Prejudice to the Defendants*

Defendant Trans Union would be greatly prejudiced by allowing a Third Amended Complaint re-introducing claims which have been voluntarily dismissed throughout the discovery period. Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.")The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

Defendant Trans Union claims to have "canceled scheduled depositions with the student loan lenders and universities after Plaintiff dismissed his claims." (Resp. at 7.) Plaintiff has failed to file a Reply in support of his Motion or otherwise dispute these claims. Moreover, this case is in the advanced stages of litigation. Both Defendants have filed Answers (Doc. Nos. 39,

41) and Defendant Experian Information Solutions, Inc.'s Motion to Dismiss is currently pending before the court (Doc. No. 42).  Discovery is also well underway; Defendant Trans Union's Motion to Compel Discovery Responses was ruled upon by this Court on February 8, 2010, the plaintiff was ordered to supplement numerous discovery responses and the discovery deadline of March 8, 2010 is now less than one month away.

Since Plaintiff has failed to attach a proposed amended complaint or to explain his amendments, it is impossible to determine the precise degree to which Plaintiff's amendments constitute a change of tactics or theories.  However, Plaintiff seeks, apparently, to reassert the very claims he, with advice of counsel, voluntarily dismissed.  It appears Plaintiff only seeks to reassert these claims as part of a "kitchen sink" approach to this litigation.  Plaintiff even goes as far as to say, "the accuracy and truthfulness of [his] student loan record is relevant . . . regardless of the legal opinion and conclusion of Attorney's Robert Sola and Steve Nolan."  (Mot. at 6.) Furthermore, as noted *infra*, the issues Plaintiff seeks to reassert were previously resolved in litigation between the parties and would likely be barred by the *Rooker-Feldman* doctrine (*see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)), res judicata, collateral estoppel and other jurisdictional bars. This court finds that requiring Defendants to defend against whipsawing and everchanging claims at this late stage of the litigation is unduly prejudicial.

    *C.*    *Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief.  *See, e.g., Beckett v. United States*, 217

F.R.D. 541, 543 (D. Kan. 2003). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

Defendant asserts the student loans and/or grants appearing on Plaintiff's credit reports – those which will apparently form the basis of his proposed amendments – should not be at issue in the present case. Undisputed representations in this case establish that in a lawsuit between the Plaintiff and Trans Union which was settled in March 2006, Plaintiff agreed the student loans reported by Defendants on Plaintiff's credit reports at the time were accurate. Plaintiff personally signed documents to that effect. (Resp., ¶ 12.) Plaintiff could not point the court to any changes in the student loans which are currently being reported on Plaintiff's credit reports. (Hearing, February 8, 2010.) Further, according to Trans Union, Plaintiff's attorney requested the student loan claims be withdrawn from this litigation after the attorney had reviewed information provided by Trans Union which showed the student loans reporting on Plaintiff's credit files were accurate and were, indeed, loans undertaken by Plaintiff. (*Id*., ¶ 13.) Plaintiff has failed to file a Reply disputing Defendant's assertions or any evidence or documentation in contradiction. The *Rooker-Feldman* doctrine bars cases brought by state-court parties who previously litigated their claims and received state-court judgments, rendered before the district court proceedings commenced, and which invite the federal district court to review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Sheriff v. Accelerated Receivables Solutions, Inc.*, No. 06–8088, 2008 WL 2487920, at *3 (D. Wyo. June 23, 2008). The *Feldman* case requires dismissal of federal cases which are

"inextricably intertwined" with prior state court judgments and includes those plaintiffs who knew better than to ask that the district court declare the a state judgment null and void, but who in essence sought just such relief under cloak of constitutional claims.  *See Pennzoil v. Texaco Inc.*, 481 U.S. 1, 23 (1987)( "[I]t is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.  Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.")

Further, the plaintiff's claims concerning the reporting of the student loans which was at issue in the state court case will be barred from federal relitigation by res judicata and collateral estoppel.  Res judicata traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel.  *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n 2 (10th Cir. 1987).  "The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was <u>or could have been</u> the subject of a previously issued final judgment."  *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir.2005)(emphasis added).  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Res judicata, under Colorado state law, "bars relitigation not only of all issues actually decided, but of all issues that might have been decided."  *Pomeroy v. Waitkus*, 517, P. 2d 396, 399 (1974); *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo.,1989).

Since the undisputed facts show the issues Plaintiff now seeks to reassert  via a Third Amended Complaint were resolved through litigation four years ago (Resp., ¶ 11–15), Plaintiff's

proposed amendments would not survive a motion for summary judgment and are, therefore, futile.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** "Plaintiff's Motion to Amend Unopposed Motion to Amend First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)" (Doc. No. 70) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of*

*Real Property*, 73 F.3d at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of February, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge