## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 09–cv–00040–WJM–KMT

GERALD HANSEN ELLER,

     Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, and
TRANS UNION LLC, a foreign corporation,

     Defendants.

---

## ORDER AFFIRMING MAY 17, 2011 RECOMMENDATION
## OF U.S. MAGISTRATE JUDGE

---

THIS MATTER is before the Court on the May 17, 2011 Recommendation of

United States Magistrate Judge ("Recommendation").  (ECF No. 155.)  In this

Recommendation, Magistrate Judge Kathleen M. Tafoya recommends the Court (1)

grant in part and deny in part Defendant Trans Union LLC's ("Trans Union") Motion for

Summary Judgment, ECF No. 118; (2) grant Defendant Experian Information Solutions,

Inc.'s ("Experian") Motion for Summary Judgment, ECF No. 122; and (3) deny Plaintiff's

Motion for Summary Judgment, ECF No. 124.  The Recommendation is incorporated

herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b),

D.C.COLO.LCivR. 72.1.

On June 1, 2011, Trans Union filed an objection to the Recommendation.  (ECF

No. 165.)  On June 3, 2011, Plaintiff also filed an objection to the Recommendation.

(ECF No. 167.)  In light of these objections, the Court has conducted the requisite *de*

*novo* review of the issues, the Recommendation, and the objections.  For the reasons

stated below, the Court AFFIRMS and ADOPTS the Recommendation.

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine

*de novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is properly made if it is both timely

and specific.  *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73

F.3d 1057, 1059 (10th Cir.1996).  An objection is timely if made within 10 days after the

Magistrate Judge issues her recommendation.  *Id.*  An objection is sufficiently specific if

it "enables the district judge to focus attention on those issues–factual and legal–that

are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140,

147 (1985)).  If objections are not made or if made improperly, the Court has discretion

to review the recommendation under whatever standard it deems appropriate.

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  In conducting its review,

"[t]he district judge may accept, reject, or modify the [recommendation]; receive further

evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).

In considering the Magistrate Judge's Recommendation in the instant case, the

Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and

filings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal

construction is intended merely to overlook technical formatting errors and other defects

in Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d

2

1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

3

**DISCUSSION**

I.     **Trans Union's Motion for Summary Judgment**

Trans Union moved for summary judgment on Plaintiff's Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, claims and Plaintiff's Colorado Consumer Credit Reporting Act ("CCCRA"), Colo. Rev. Stat. §§ 12-14.3-101 *et seq.*, claims.  (ECF No. 118.)  The Magistrate Judge recommended that Trans Union's Motion for Summary Judgment be (1) denied as to Plaintiff's request for damages as to the Bank of America credit denial and for mental anguish and emotional distress for negligent noncompliance with Section 1681e(b); (2) denied as to Plaintiff's claim for willful violation of Section 1681e(b) of the FCRA and Colo. Rev. Stat. § 12-14.3-103.5; and (3) granted in all other respects.  (*See* ECF No. 167.)

Trans Union objects to the Magistrate Judge's Recommendation denying summary judgment on the negligent noncompliance damages claims and the willful violation claims.  (*See* ECF No. 165.)  Plaintiff, on the other hand, objects to the Magistrate Judge's Recommendation granting Trans Union's Motion for Summary Judgment in all other respects.  (*See* ECF No. 167.)

A.     **Section 1681e(b) Claim**

With respect to the Section 1681e(b) negligent noncompliance claim, the Court finds the Magistrate Judge's Recommendation well reasoned and analyzed.  (*See* ECF No. 155 at 10-30.)  The Recommendation correctly states that, to prevail on a claim for negligent noncompliance within Section 1681e(b), a plaintiff must establish (1) the existence of an inaccurate credit report; (2) that the consumer reporting agency failed to

4

follow reasonable procedures to assure the maximum accuracy of its reports; (3) that

the plaintiff suffered an injury; and (4) that the consumer reporting agency's failure

caused the plaintiff's injury.  (ECF No. 155 at 10-11 (citing *Cassara v. DAC Servs., Inc.*,

276 F.3d 1210, 1217 (10th Cir. 2002).)  The Court incorporates Magistrate Judge

Tafoya's analysis and discussion of the issue on pages 10-30 herein by reference.

### Reasonable Procedures

After first showing that an inaccurate credit report was produced, a Section

1681e(b) negligent noncompliance claim next requires a plaintiff to show that the

consumer reporting agency failed to follow reasonable procedures to assure the

accuracy of its reports.  *Id.*  "Reasonable procedures are those that a reasonably

prudent person would undertake in the circumstances."  *Cortez v. Trans Union, LLC*,

617 F.3d 688, 709 (3d Cir. 2010).

Here, Plaintiff has met the initial burden of showing that Trans Union maintained

an inaccurate credit file following the appearance of the NCO Financial account in

Plaintiff's credit file.  (ECF No. 34 at ¶ 14.)  The Recommendation notes that Plaintiff

has been litigating the issue of misinformation pertaining to Jerry Willard appearing on

his Trans Union credit report since before 2001.  (ECF No. 155.)  Trans Union argues

that this is not enough to support a denial of summary judgment for negligent

noncompliance violations of the FCRA and CCCRA.  (ECF No. 165 at 9.)  The Court

disagrees.  Despite reaching a settlement in 2001 and again in 2006 relating, at least in

part, to the inclusion of records pertaining to Jerry Willard in Plaintiff's credit report,

Trans Union in 2008 again allowed such misinformation to appear on Plaintiff's credit

report.  (*See* ECF No. 155 at 2.)  Following the 2006 settlement, Jerry Willard no longer

5

appeared on Plaintiff's Trans Union credit report.  (*Id.* at 13.)  However, on March 13, 2008 the NCO Financial account listing Jerry Willard was again added to Trans Union's file.  Despite Trans Union providing Plaintiff "with a special procedure to help further assure the maximum possible accuracy of his Trans Union credit file," Trans Union failed to keep the Jerry Willard information out of Plaintiff's credit report.  (ECF No. 118 at ¶ 18.)  In checking reported information, Trans Union verifies an exact match on the social security number, address, and first name.  (ECF No. 119-3 at ¶ 12.)  However, Trans Union does not require an exact match of the last name.  (*Id.*)  Yet, in the case of Plaintiff, where Trans Union is specifically aware that Jerry Willard is not an alias of Plaintiff, checking to ensure that such data is not in the credit report is a reasonable procedure that Trans Union should have taken.

Because there is some evidence that Trans Union failed to take reasonable precautions to ensure that information regarding Jerry Willard did not appear on Plaintiff's credit report, Plaintiff's claim meets the second element of a claim of negligent noncompliance under Section 1681e(b) of the FCRA.

### Injury as a Result of Failure to Adopt Reasonable Procedures

The third and fourth elements require a plaintiff to show that he suffered an injury because of the actions of the defendant.  *Cassara*, 276 F.3d at 1217.  The Recommendation allows Plaintiff's claims for damages related to the Bank of America credit denial and damages for mental and emotional distress to proceed.  (ECF No. 155 at 48.)

Although Trans Union asserts there is no information to provide a basis for damages regarding Bank of America's credit denial based on a Trans Union report,

6

ECF No. 165 at 3, the Magistrate Judge found that a declaration provided by Trans Union did not create an absence of evidence regarding causation such that the burden shifts to Plaintiff. (ECF No. 155 at 22.) The Court agrees. Despite Trans Union's awareness that Jerry Willard is not an alias of Plaintiff's, the NCO Financial account once again appeared on Plaintiff's credit file. There is no evidence on the record showing that Bank of America denied Plaintiff's credit for a reason other than the NCO Financial account in Plaintiff's Trans Union credit file. Because a genuine issue of material dispute exists as to whether Bank of America relied on the NCO Financial account information, summary judgment is inappropriate on this portion of Plaintiff's Section 1681e(b) negligent noncompliance claim.

In addition, Plaintiff has established a disputed fact as to whether his mental and emotional distress were caused, at least in part, by Trans Union's failure to keep the NCO Financial account information pertaining to Jerry Willard out of Plaintiff's credit report. (*See* ECF No. 155 at 24-30.) The Magistrate Judge found, and the Court agrees, that a reasonable jury could find that Plaintiff suffered emotional distress and mental anguish after he discovered the NCO Financial account on his Trans Union credit report, and that this was due to Trans Union's failure to follow reasonable procedures to ensure the maximum accuracy in Plaintiff's credit file. (ECF No. 155 at 27-28.) Therefore, the Court concurs that summary judgment on Plaintiff's Section 1681e(b) negligent noncompliance claim against Trans Union for mental and emotional damages is inappropriate.

The Court agrees, however, with the Magistrate Judge that Plaintiff's other Section 1681e(b) negligent noncompliance claims for damages against Trans union, as

7

outlined in the Recommendation on pages 17-18, are appropriate for summary judgment.  As discussed in the Recommendation on pages 18-24 and incorporated by reference herein, these additional claims for damages were incurred either prior to the NCO Financial account appearing on Plaintiff's Trans Uion consumer file in March 2008, or they are not related to the NCO Financial account at all.  As Plaintiff's claims asserted against Trans Union are limited to wrongs incurred related to the NCO Financial account, any damages incurred not relating to NCO Financial are barred. (*See* ECF Nos. 34 at ¶ 14-15; 155 at 12.)  The Court realizes Plaintiff alleges he has suffered further economic damages as a result of Trans Union's reporting of his credit. These further damages are not, however, related to the claims asserted in the operative complaint, Plaintiff's Second Amended Complaint, and therefore are appropriate for summary dismissal. (*See* ECF No. 34.)

In sum, with respect to Plaintiff's Section 1681e(b) negligent noncompliance claim, he Recommendation is accepted and Trans Union's motion for summary judgment is granted, except as to the Bank of America credit denial and Plaintiff's claim for mental and emotional distress.

**B.    Section 1681i Claim**

With respect to Plaintiff's Section 1681i claims, the Court finds the Magistrate Judge's Recommendation well reasoned and analyzed, and incorporates the analysis and discussion on pages 30-34 herein by reference.  The Court agrees with the Magistrate Judge that a claim for negligent noncompliance under Section 1681i requires a showing that (1) the plaintiff disputed the completeness or accuracy of an item in his consumer file; (2) the plaintiff notified the consumer reporting agency of the dispute; (3)

8

the consumer reporting agency failed to conduct a reasonable investigation within the time period allowed; and (4) the plaintiff suffered actual damages as a result of the inaccurate information in his file.  (ECF No. 155 at 32 (citing *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 608 (7th Cir. 2005).)

Here, as the Recommendation discusses, Plaintiff filed a document with Trans Union on February 26, 2008, providing notice to Trans Union that Plaintiff believed there was misinformation on his credit report.  (ECF No. 119-1 at 20-22.)  However, as the Magistrate Judge pointed out, the statute requires notice of a specific item of information appearing falsely on a credit report.  (*See* ECF No. 155 at 33 (citing 15 U.S.C. § 1681i(a)(1)(A); 15 U.S.C. § 1681i(a)(3)(a)).)  At the time of this notice, the NCO Financial account reporting Jerry Willard had not yet appeared on Plaintiff's Trans Union file, as it did not appear until March 13, 2008.  (ECF No. 119-3 at ¶ 12.)  Plaintiff argues that he should not have had to provide notice to Trans Union following his February 26, 2008 filing.  (ECF No. 167 at 8.)  Although Plaintiff is correct that there should be no onus on him to provide notice of disputed information more than once, this February 2008 notice to Trans Union did not provide notice of the NCO Financial account information.

In order for Plaintiff to withstand summary judgment on his Section 1681i claim, he needed to have provided Trans Union notice *after* the NCO Financial account appeared in his file.  Thus, the Court accepts the Recommendation that summary judgment be granted in favor of Trans Union on the Section 1681i negligent noncompliance claim.

C.      Willful Violation of FCRA Claim

The FCRA requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C.A. § 1681e(b).  Further, when a consumer reporting agency learns of or should be aware of errors in its reports, it must investigate for errors.  *See Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Commercial Servs., Inc.* 537 F.3d 1184, 1192 (10th Cir. 2008).  Under Section 1681n, a plaintiff need not prove actual damages but may recover punitive and statutory damages as well as costs and fees if a defendant willfully violates the FCRA.  15 U.S.C.A. § 1681n.  "A 'willful' violation is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA." *Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007)).  "Recklessness is measured by an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and internal quotation marks omitted).  "A company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* (citation omitted).

Plaintiff correctly argues that the fact that the NCO Financial account reappeared on Plaintiff's credit file in itself is evidence of Trans Union recklessly disregarding its duties of accurate reporting, pursuant to Section 1681e(b).  However, because Plaintiff

did not provide Trans Union notice of disputed information after the NCO Financial account appeared on his credit report, Plaintiff's Section 1681i claim fails.  The Court hereby accepts the Magistrate Judge's Recommendation and denies summary judgment on Plaintiff's Section 1681e(b) claim for willful violation of the FCRA.  The Court further grants summary judgment on Plaintiff's Section 1681i claim for willful violation of the FCRA.

### D.    CCCRA Claims

Neither Plaintiff nor Trans Union disputes the Magistrate Judge's conclusion that claims under the CCCRA should be treated similarly to the FCRA claims as the state statute tracks the language of the federal statute.  The Court therefore accepts the Recommendation that, like the FCRA claims, summary judgment is not appropriate on Plaintiff's CCCRA claim for willful violation of Colo. Rev. Stat. § 12-14.3-103.5 (the equivalent of Section 1681e(b)), but is granted on Plaintiff's CCCRA claim for willful violation of Colo. Rev. Stat. § 12-14.3-106 (the equivalent of Section 1681i).

## II.    Experian's Motion for Summary Judgment

Experian requested summary judgment on Plaintiff's FCRA and CCCRA claims, arguing Plaintiff cannot show that Experian did not provide a current credit file disclosure upon request, and Plaintiff likewise cannot show that Experian reported inaccurate derogatory information that resulted in a credit denial by Citibank.  (ECF No. 122 at 1.)  The Magistrate Judge recommended that Experian's Motion for Summary Judgment be granted in full.  (*See* ECF No. 155 at 49.)  Upon *de novo* review of the documents on record, including Experian's Motion for Summary Judgment, ECF No. 122, Plaintiff's Response, ECF No. 154, and Experian's Reply, ECF No. 157, the Court

agrees with the Recommendation and incorporates the discussion and analysis of the issues on pages 37-47 herein by reference.

### *Section 1681e(b) Claim*

Plaintiff objects to the Recommendation, and renews his argument that Experian, while not including derogatory information in the credit reports, included too few satisfactory credit references in its report to Citibank.  (ECF No. 167 at 16.)  It is significant that Plaintiff agreed in 2006 that Experian's credit report was satisfactory, and that the credit report on which Citibank based its denial was substantially similar to the 2006 report, aside from two past-due student loan accounts that Plaintiff admitted to having stopped paying.  (ECF No. 122 at 7.)  Plaintiff has shown no evidence, at the summary judgment stage, to support an argument that Experian should have included additional information to bolster the credit report.  Plaintiff argues Citibank would have approved his credit had Experian provided further information, but offers no evidence supporting this assertion.  (*See* ECF No. 167 at 18.)  Further, Plaintiff has failed to show that Experian reported any inaccurate information on the credit report received by Citibank.  The Court thus accepts and adopts the Magistrate Judge's Recommendation that summary judgment be granted on the Section 1681e(b) claims against Experian.

### *Section 1681g Claims*

Plaintiff argues that he was not provided with an exact copy of the Experian credit report Citibank relied on in denying Plaintiff credit.  (ECF No. 34 at ¶ 13.)  The Magistrate Judge found, and the Court agrees, however, that Experian was required only to provide Plaintiff with a copy of the information in his credit file at the time of the request, but not a copy of the credit report as provided to Citibank.  *See* 15 U.S.C. §

1681g(a)(1).  Experian provided Plaintiff with the appropriate information, and thus summary judgment on this claim is also appropriate.

### CCCRA Claims

As discussed above, the language of the CCCRA tracks the language of the FCRA.  As Plaintiff's FRCA claims fail on summary judgment, Plaintiff's CCCRA claims likewise fail.  Experian's motion for summary judgment on Plaintiff's CCCRA claims is also granted.

## III.      Plaintiff's Motion for Summary Judgment

Arguments included in Plaintiff's Motion for Summary Judgement, ECF No. 125, were addressed in detail in the Magistrate Judge's Recommendation, ECF No. 155, and have been given *de novo* review by the Court.  The Court agrees with the Recommendation that, based on the analysis and findings reached in the context of Defendant's Trans Union and Experian's motions for summary judgment, Plaintiff's motion for summary judgment should and the same is denied in its entirety.

## IV.      Counterclaims

Neither Trans Union nor Experian have filed an objection to the portion of the Recommendation that summary judgment is not appropriate on Defendants' counterclaims.  Defendants have therefore waived any review of this portion of the Recommendation, and summary judgment will not enter on Defendants' counterclaims.

### CONCLUSION

Accordingly, it is hereby ORDERED that the Recommendation of the United States Magistrate Judge, ECF No. 155, filed May 17, 2011, is AFFIRMED and

ADOPTED in its entirety.  For the reasons cited therein and in this Order,

IT IS HEREBY ORDERED that:

1)   Defendant Trans Union LLC's Motion for Summary Judgment, ECF No.

118, is GRANTED IN PART and DENIED IN PART as follows:

a)   Summary judgment on Plaintiff's FCRA Section 1681e(b) negligent

noncompliance claims is DENIED as to:

i)   Bank of America damages;

ii)   Mental and emotional damages;

b)   Summary judgment on Plaintiff's FCRA Section 1681e(b) negligent

noncompliance claims is GRANTED in all other respects;

c)   Summary judgment on Plaintiff's FCRA Section 1681i negligent

noncompliance claim is GRANTED;

d)   Summary judgment on Plaintiff's FCRA Section 1681i willful

noncompliance claim is GRANTED;

e)   Summary judgment on Plaintiff's FCRA Section 1681e(b) willful

noncompliance claim is DENIED;

f)   Summary judgement on Plaintiff's Colo. Rev. Stat. § 12-14.3-103.5

willful violation of the CCCRA claim is DENIED; and

g)   Summary judgment on Plaintiff's Colo. Rev. Stat. § 12-14.3-106

willful violation of the CCCRA claim is GRANTED;

2)   Defendant Experian Information Solutions, Inc.'s Motion for Summary

Judgment, ECF No. 122, is GRANTED in its entirety;

3)      Plaintiff's Motion for Summary Judgment, ECF No. 124, is DENIED in its

entirety; and

4)      To the extent Defendants Trans Union or Experian sought summary

judgment on their counterclaims, those motions are DENIED.

It is FURTHER ORDERED that Plaintiff's Response and Objection to the

Magistrate Judge's Recommendation, ECF No. 167, and Trans Union's Objection to the

Magistrate Judge's Recommendation, ECF No. 165, are OVERRULED.

Dated this 4th day of August, 2011.

BY THE COURT:

William J. Martinez
United States District Judge