IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00040–WJM–KMT

GERALD HANSEN ELLER,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, and
TRANSUNION LLC, a foreign corporation,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on "Trans Union LLC's Motion for Judgment on the Pleadings and Brief in Support Thereof" ("Motion") seeking an order dismissing Plaintiff's claims for willful damages under the Colorado Consumer Credit Reporting Act ("CCCRA") based upon Trans Union's argument that such claims are preempted by the federal Fair Credit Reporting Act ("FCRA"). [Doc. No. 163, filed May 31, 2011.] Co-defendant Experian Information Solutions, Inc. ("Experian") joined in the Motion on June 2, 2011.[1] [Doc. No. 166.] Plaintiff filed his response on June 8, 2011. [Doc. No. 168 ("Resp.").] Trans Union replied on June 22, 2011. [Doc. No. 170.]

---

[1] Experian's Motion for Summary Judgement disposing of all affirmative claims against it was granted on August 4, 2011. [Doc. No. 173.]

**LEGAL STANDARD**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss under Rule 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005); *Shepard v. Applebee's Int'l, Inc.*, Case No. 08-2416-KHV, 2010 WL 1418588, *1 (D. Kan. Apr.7, 2010) (*citing Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Pursuant to Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and

the party is entitled to judgment as a matter of law." *Park University Enterprises., Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

The plaintiff in this matter is proceeding *pro se.* Therefore the court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless the court will not act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**ANALYSIS**

In the event Trans Union were to be found liable for a willful violation of the CCCRA as alleged in Claim Six of the Second Amended Complaint, Plaintiff seeks three times actual damages. *See* Colo. Rev. Stat. § 12-14.3-108. Trans Union argues that FCRA does not allow for three times actual damages in the event of a willful violation of 15 U.S.C. § 1681e(b), the comparable FCRA statute to Colo. Rev. Stat. § 12-14.3-108. *See* 15 U.S.C. § 1681n(a). Trans Union argues that FCRA specifically preempts the CCCRA to the extent that it is "inconsistent with any provision" of the FCRA. Title 15 U.S.C. § 1681t(a). (Mot. at ¶ 8.) Since the penalty provisions for willful transgressions of the federal and state statutes are in conflict, Trans Union argues that the CCCRA is inconsistent with the FCRA requiring a finding of preemption and dismissal of Claim Six. This Court agrees.

Congress's authority to enact the FCRA comes from the Commerce Clause of the U.S. Constitution. *See* U.S. Const. art. I, § 8, cl. 2. The Supremacy Clause of the United

States Constitution gives Congress the power to preempt state law.  See U.S. Const. art. VI, cl. 2.  Moreover, when federal and state law are in conflict, federal law prevails. *Southwestern Bell Wireless, Inc. v. Johnson County Bd. of County Comm'rs*, 199 F.3d 1185, 1193-1194 (10th Cir. 1999).

In determining whether a state statute is preempted, "[t]he purpose of Congress is the ultimate touchstone."  *See Retail Clerks Int'l Ass'n v. Schermerhorn*, 375 U.S. 96, 103 (1963). Federal statutes can preempt state statutes either by an express statement of preemption or by implication.  "Congress may indicate pre-emptive intent through a statute's express language or through its structure and purpose." *Altria Grp. v. Good*, 555 U.S. 70, 129 S. Ct. 538, 543 (2008). Express preemption arises from explicit preemption language in the statute.  *Tarrant Regional Water Dist. v. Herrmann*, 656 F.3d 1222, 1241 -1242 (10th Cir. 2011).

Conflict preemption occurs "where Congress has not completely displaced state regulation in a specific area" and where "state law is nullified to the extent that it actually conflicts with federal law."  *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).  The damages provisions of a state statute can be preempted as well as substantive law. *New Mexico v. General Elec. Co.*, 467 F.3d 1223, 1247 (10th Cir. 2006) (acknowledging that preemption of state law remedies in a CERCLA case may occur where such remedies conflict with congressional objectives); *see also Int't Paper Co. v. Ouellette*, 479 U.S. 481, 498-99 n. 19 (1987).

The FCRA endeavors to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy," *Safeco Ins. Co. of America v. Burr*, 551

U.S. 47, 127 S. Ct. 2201, 2205, (2007), by, among other things, compelling merchants to adopt procedures to safeguard consumers' credit information, *see* 15 U.S.C. § 1681(b).  In 2003, Congress passed the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. No. 108-159, 117 Stat.1952 (2003) (codified at 15 U.S.C. § 1681c(g)), amending the FCRA with provisions specifically aimed at protecting consumers from identity theft.  *See* 15 U.S.C. § 1681c(g)(1).  As a significant part of its framework, the FCRA authorizes consumers to bring private suits for willful violations of its terms.[2]

Originally, the FCRA provided actual and punitive damages for willful violations.  *See* 15 U.S.C. § 1681n(1)-(2) (1970).  In 1996, Congress amended this section, adding that victims of willful violations could receive "any actual damages sustained by the consumer as a result of the failure or [statutory] damages of not less than $100 and not more than $1,000."  Pub L. No. 104-208, Div. A, Title II, Subtitle D, 2412(b), 110 Stat. 3009-446 (1996) (codified at 15 U.S.C. § 1681n(a)(1)(A)).  In addition, the FCRA continues to allow victims of willful violations to receive punitive damages.  15 U.S.C. § 1681n(a)(2).

The FCRA does not allow for three times actual damages in the event of a willful violation of 15 U.S.C. § 1681e(b) as does the corresponding Colorado statute.  *See* 15 U.S.C. §1681t(a).  Rather, as noted, in the event a willful violation is found, the FCRA provides that a consumer may recover statutory damages between $100 and $1,000, punitive damages as the

---

[2] The FCRA also imposes liability for negligent violations, *see* 15 U.S.C. § 1681o(a), but that provision is not at issue in this motion.

court may allow, and costs and reasonable fees as determined by the court. 15 U.S.C. § 1681n(a).

Title 15 U.S.C. § 1681t provides

Relation to State laws. (a) In general. Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, <u>except to the extent that those laws are inconsistent with any provision of this subchapter</u>, and then only to the extent of the inconsistency.

*Id.* (emphasis added). Given that the CCCRA's willful damages provision is inconsistent with the FCRA, it is expressly preempted.

Plaintiff's invocation of the Tenth Amendment to the United States Constitution to the contrary is unavailing. As the Supreme Court has noted, preemption principles apply even to a "matter of special concern to the States: 'The relative importance to the State of its own law is not material when there is a conflict with a valid federal law, for the Framers of our Constitution provided that the federal law must prevail.'" *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)) (evaluating preemption of state real property law); *Southwestern Bell Wireless Inc. v. Johnson County Bd. of County Com'rs.*, 199 F.3d 1185, 1194 (10th Cir. 1999). The Supreme Court has upheld preemption as constitutional as long as the federal statute falls within the Commerce power, as does the FCRA. *Hodel v. Virginia Surface Mining & Recl. Assn.*, 452 U.S. 264, 290 (1981) (federal government may displace state regulation even though this serves to "curtail or prohibit the States' prerogatives to make legislative choices respecting subjects the States may consider

important."); *Gregory v. Ashcroft*, 501 U.S. 452, 460(1991) (holding that Congress may impose its will on the states as long as it is acting within the powers granted by the Constitution); *Kelley v. United States*, 69 F.3d 1503, 1509 (10th Cir. 1995).

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that "Trans Union LLC's Motion for Judgment on the Pleadings And Brief in Support Thereof" [Doc. No. 163] be GRANTED and that Plaintiff's claims for triple damages under the Colorado Consumer Credit Reporting Act as contained in the Sixth Claim for Relief of the Second Amended Complaint be DISMISSED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of December, 2011.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge