**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-0040-WJM-KMT

GERALD HANSEN ELLER,

    Plaintiff,

v.

TRANS UNION LLC, a Foreign corporation,

    Defendant.

---

**ORDER ADOPTING THE RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the December 8, 2011 Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya (ECF No. 184) (the "Recommendation") that Defendant's Motion for Judgment on the Pleadings (ECF. No. 163) be granted and that Plaintiff's claims for triple damages under the Colorado Consumer Credit Reporting Act be dismissed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I. BACKGROUND**

The facts relevant to a resolution of Defendant's Motion for Judgment on the Pleadings are detailed in the Recommendation. Briefly, Plaintiff, proceeding *pro se,* brings claims against Defendant Trans Union LLC, a consumer reporting agency, for negligently and/or willfully distorting Plaintiff's consumer credit report. (Sec. Am. Compl. (ECF No. 24.))

Plaintiff's operative Complaint (the "Second Amended Complaint") for purposes of the Motion for Judgment on the Pleadings was filed on September 21, 2009. (*Id.*) Plaintiff alleges violations of the federal Fair Credit Reporting Act ("FCRA") and the Colorado Consumer Credit Reporting Act ("CCCRA"). (*Id.*)

Defendant filed its Motion for Judgment on the Pleadings on May 31, 2011.[1] (ECF. No. 163) Defendant's instant Motion requests that the Court, pursuant to Fed. R. Civ. P. 12(c), dismiss Plaintiff's claims for triple damages under the CCCRA because such claims are preempted by the federal FCRA. (Motion (ECF No. 163.)

On December 8, 2011, the Magistrate Judge issued her Recommendation that Defendant's Motion for Judgment on the Pleadings be granted and that Plaintiff's claims for triple damages under the CCCRA be dismissed. (ECF No. 184.) Plaintiff filed timely objections to the Recommendation. (Obj. (ECF No. 185)).

For the reasons stated below, Plaintiff's objections to the Recommendation are OVERRULED, the Magistrate Judge's Recommendation is ADOPTED in its entirety, Defendant's Motion for Judgment on the Pleadings is GRANTED, and the Court shall enter judgment in favor of Defendant on Plaintiff's claim for triple damages under the CCCRA (Sixth Claim).

## II. LEGAL STANDARD

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge

---

[1] Former Defendant Experian Information Solutions, Inc. also filed a Notice of Non-Opposition and Joinder to Defendant Tans Unions LLC's Motion for Judgment on the Pleadings. (ECF No. 166.) However, Experian Information Solutions, Inc. has now been dismissed from this case. (ECF No. 186.)

"determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Pursuant to Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss under Rule 12(b)(6). *See Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005); *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the

allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge recommends that Defendant's Motion for Judgment on the Pleadings be granted because Plaintiff's request for three times actual damages in the event of a willful violation of the CCCRA is expressly preempted by 15 U.S.C. § 1681t(a). (Rec. at 7.)  Plaintiff objects to the Recommendation in its entirety and argues that the CCCRA does not conflict with the FCRA, but only adds to it.  (Obj. at 2-3.) Plaintiff further argues that the Magistrate Judge's recommendation is premature

because damages have not yet been determined or allowed by the Court. (*Id.*) As Plaintiff objects to the Recommendation in its entirety, the Court will review the Recommendation *de novo*.

### A. Plaintiff's Objections

#### 1. Plaintiff's claim for triple damages under the CCCRA is preempted by the FCRA

Plaintiff objects to the Recommendation arguing that the CCCRA's triple damages provision does not conflict with the FCRA's damages provision, but only adds to it. (Obj. at 2-3.)

The Supremacy Clause of the United States Constitution gives Congress the power to preempt state law. *See* U.S. Const. art. VI, cl. 2. When federal and state laws are in conflict, federal law prevails. *See Southwestern Bell Wireless, Inc. v. Johnson County Bd. of County Comm'rs*, 199 F.3d 1185, 1193-1194 (10th Cir. 1999). In determining whether a state statute is preempted, "[t]he purpose of Congress is the ultimate touchstone." *See Retail Clerks Int'l Ass'n v. Schermerhorn*, 375 U.S. 96, 103 (1963). Federal statutes can preempt state statutes either by an express statement of preemption or by implication. *Id.* "Congress may indicate pre-emptive intent through a statute's express language or through its structure and purpose." *Altria Grp. v. Good*, 555 U.S. 70, 76 (2008). Express preemption arises from explicit preemption language in the statute. *See Tarrant Regional Water Dist. v. Herrmann*, 656 F.3d 1222, 1241-42 (10th Cir. 2011). Particularly relevant to this case, the Tenth Circuit has held that state damages provisions can be preempted by federal law. *See New Mexico v. General Elec. Co.*, 467 F.3d 1223, 1247 (10th Cir. 2006) (state law remedies may be preempted

where such remedies conflict with congressional objectives).

The Magistrate Judge recommends that Defendant's Motion for Judgment on the Pleadings be granted because Plaintiff's request for three times actual damages in the event of a willful violation of the CCCRA is expressly preempted by 15 U.S.C. § 1681t(a). (Rec. at 3-7.) The Court agrees.

Originally, the FCRA provided actual and punitive damages for willful violations. *See* 15 U.S.C. § 1681n(1)-(2) (1970). In 1996, however, Congress amended this section, adding that victims of willful violations could receive "any actual damages sustained by the consumer as a result of the failure or [statutory] damages of not less than $100 and not more than $1,000." Pub L. No. 104-208, Div. A, Title II, Subtitle D, 2412(b), 110 Stat. 3009-446 (1996) (codified at 15 U.S.C. § 1681n(a)(1)(A)).

The FCRA does not allow for three times actual damages in the event of a willful violation of 15 U.S.C. § 1681e(b), as does the CCCRA § 12-14.3-108. *See* 15 U.S.C. §1681t(a). Rather, in the event a willful violation is found, the FCRA allows a consumer to recover statutory damages between $100 and $1,000, punitive damages as the Court may allow, and costs and reasonable fees. 15 U.S.C. § 1681n(a). Accordingly, the inconsistent triple damages provision of the CCCRA is preempted by the FCRA's damages provision. *See* 15 U.S.C. § 1681t(a).

Plaintiff objects to this finding by arguing that the CCCRA damages provision survives preemption because it does not conflict with the FCRA, but only adds to it. (Obj. at 2-3.) Plaintiff cites no authority for his contention. (*Id.*) Congress, in drafting the FCRA, specifically noted that certain sections of the Act were not intended to preempt conflicting state laws. Sections 1681n and 1681o were not, however, among

6

those sections so circumscribed. See 15 U.S.C. § 1681t(b). Thus, Congress implicitly allowed these sections to be among the statutory bases for federal preemption of conflicting state law contained within the FCRA. Id.

Numerous courts, including other judges in this Court, have found that the FCRA specifically preempts inconsistent state statues. See Simon v. Directv, Inc., No. 09-cv-00852, 2010 WL 1452853, at *3-4 (D. Colo. March 19, 2010) (plaintiff's CCCRA claims against defendant for disclosing his criminal history preempted by the FCRA); Stich v. BAC Home Loans Servicing, LP, 10-cv-01106, 2011 WL 1135456, at *10 (D. Colo. Mar. 29, 2011) (finding plaintiff's claim for injunctive relief preempted by the FCRA); Jarrett v. Bank of Am., 421 F. Supp. 2d 1350, 1353-55 (D. Kan. 2006) (same). Moreover, damages provisions in state statutes that are inconsistent with federal law are readily preempted. See General Elec. Co., 467 F.3d at 1247 (finding that federal natural resources damages provisions preempt inconsistent state remedies); Margetson v. United Van Lines, Inc., 785 F. Supp. 917, 921 (D.N.M. 1991) (specific preclusion of punitive damages under federal law preempts conflicting New Mexico statute).

Because the Court finds that Plaintiff's request for three times actual damages in the event of a willful violation of the CCCRA is expressly preempted by the FCRA, Defendant's Motion for Judgment on the Pleadings is granted, and judgment will be entered in favor of Defendant on this claim.

**2.     Finding that the CCCRA is Preempted by the FCRA is Not Premature**

Plaintiff further argues that the Magistrate Judge's Recommendation is premature because damages have not yet been determined or allowed by the Court. (Obj. at 3.)

7

Contrary to Plaintiff's argument, federal preemption is a question of law and the Court must decide whether Plaintiff is entitled, as a matter of law, to present his CCCRA triple damages claim to a jury. *See Carroll v. Los Alamos Nat'l Sec., LLC*, 407 Fed. App'x 348, 352 (10th Cir. 2011); *Aguayo v. U.S. Bank*, 653 F.3d 912, 917 (9th Cir. 2011). As such, the Magistrate Judge's Recommendation that Defendant's Motion for Judgment on the Pleadings be granted is not premature.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objections (ECF No. 185) to the Magistrate Judge's December 8, 2011 Recommendation are OVERRULED and the Recommendation (ECF No. 184) is ADOPTED in its entirety;

2. Defendant's Motion for Judgment on the Pleadings (ECF No. 163) on Plaintiff's claim for triple damages under the Colorado Consumer Credit Reporting Act ("CCCRA") (Sixth Claim) is GRANTED; and

3. Plaintiff's claim for triple damages under the CCCRA is DISMISSED.

Dated this 9th day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge