**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 09-cv-0040-WJM-KMT

GERALD HANSEN ELLER,

      Plaintiff,

v.

TRANS UNION LLC, a Foreign corporation,

      Defendant.

---

## ORDER RE: DEFENDANT'S MOTION FOR ATTORNEY'S FEES

---

This matter is before the Court on Defendant Trans Union LLC's ("Trans Union")
Motion for Attorney's Fees ("Motion.") (ECF No. 240.) Having obtained judgment,
Defendant's counsel now seeks $11,434.98 in attorney's fees pursuant to Sections
1681o(b) and 1681n(c) of the Fair Credit Reporting Act ("FCRA"). (ECF No. 236.) The
amount sought by Defendant's Motion is opposed by Plaintiff Gerald Hansen Eller
("Plaintiff"). (ECF No. 250.)

For the reasons set forth below, the Motion is hereby denied.[1]

## I. BACKGROUND

The facts relevant to resolution of Defendant's Motion for Attorney's Fees are
outlined in the Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya

---

[1] On September 11, 2012, Trans Union filed its Motion for Attorney's Fees. (ECF No.
203). On September 21, 2012, the Court denied Trans Union's Motion for Attorney's Fees
without prejudice to re-filing same. (ECF. No. 220.) While the instant Motion is in fact a
renewed Motion for Attorney's Fees, it is treated as Defendant's original Motion in so far that
Defendant Trans Union expressly notes that it has refiled the "previous" motion. (ECF No. 240.)

("Recommendation.")  (ECF No. 155.) That was where the substantive claim was addressed in the first instance.  That Recommendation was adopted in its entirety by this Court.  (ECF No. 173.) The facts are as follows:

On January 9, 2009, Plaintiff initiated this action.  (ECF No. 1.)  On August 20, 2009, District Judge Marcia S. Krieger granted Defendant Trans Union's motion to dismiss Plaintiff's original Complaint.  The Court found that Plaintiff had failed to plead facts sufficient to establish any claim.  (ECF. No. 24.)  Noting the recent entry of appearance by counsel on behalf of Plaintiff, the Court then allowed Plaintiff to replead his complaint.  (*Id.* at 6.)

On September 9, 2009, Plaintiff filed his First Amended Complaint.  (ECF. No. 30.)  The First Amended Complaint alleged that Plaintiff's credit was affected due to erroneous reporting by Defendants Experian and Trans Union.  Specifically, the First Amended Complaint alleged: (1) that on January 10, 2007, Plaintiff was denied credit by Citibank based on an Experian credit report (*Id.* at ¶ 13); (2) that on May 8, 2008 Plaintiff was denied credit by Card Services based on a Trans Union credit report (*Id.* at ¶ 17); (3) that on December 19, 2008, Plaintiff was denied credit by Bank of America based on a Trans Union credit report (*Id.* at ¶ 20); and, (4) that on March 18, 2009, Plaintiff was denied credit by Farmers State Bank based on a Trans Union credit report. (*Id.* at ¶ 21).

On September 18, 2009, Plaintiff filed an unopposed motion to amend his Complaint for the second time.  (ECF. No. 31.)  The Court subsequently granted this motion, and entered Plaintiff's Second Amended Complaint in the docket.  (ECF. No. 33.)  Plaintiff's Second Amended Complaint became the operative complaint in this

2

action.  Critically—and for the purposes of the instant Motion—the Second Amended

Complaint asserted that, in approximately November of 2008, Plaintiff became aware

that NCO Financial had reported to Trans Union a delinquent debt relating to a Direct

TV account belonging to one Jerry Willard.  (ECF No. 33 at ¶ 14.)  It also *alleged* that

the NCO Financial account appeared on Plaintiff's February 9, 2006 Trans Union credit

report and was deleted as part of the negotiations leading up to the settlement between

the parties in  2006.  (*Id.* at ¶ 15.)  The Second Amended Complaint further alleged that

the NCO Financial account reappeared on Plaintiff's December 2008 credit report,

contrary to the parties settlement agreement.  (*Id.*)

On April 16, 2010, Defendant filed a motion for summary judgment.  (ECF No.

118.)  In a detailed and lengthy Recommendation, Magistrate Judge Tafoya

recommended that Defendant's Motion "be denied as to Plaintiff's request for damages

as to the Bank of America credit denial and for mental anguish and emotional distress

for negligent noncompliance with Section 1681e(b) of the Fair Credit Reporting Act . . .

and granted in all other respects."  (ECF No. 155 at 48-49.)  This Court affirmed the

Recommendation.  (ECF No. 173.)

One of Plaintiff's claims that was dismissed on summary judgment was Plaintiff's

Section 1681i claim under the FCRA.  The Magistrate Judge reasoned that "Plaintiff

[had] not shown that he notified Trans Union of a dispute as to the NCO Financial

account."  (*Id.* at 34.)

On October 23, 2012, Defendant filed the instant Motion.  Consideration of the

present matter is solely with respect to attorney's fees "related to Plaintiff's unsuccessful

claims that Trans Union negligently and willfully violated section 1681i of the FCRA."

(ECF No. 240.)  This is where the Court now turns.

## II.  ANALYSIS

Defendant seeks reasonable attorney's fees against Plaintiff pursuant to Sections

1681o(b) and 1681n(c) of the FCRA.

Section 1681o(b) provides:

On a finding by the court that an unsuccessful pleading, motion, or
other paper filed in connection with an action under this section was
filed in bad faith or for purposes of harassment, the court shall
award to the prevailing part attorney's fees in relation to the work
expended in responding to the pleading, motion, or other paper.

Section 1681n(c) provides:

Upon a finding by the court than an unsuccessful pleading, motion,
or other paper filed in connection with an action under this section
was filed in bad faith or for purposes of harassment, the court shall
award to the prevailing party attorney's fees reasonable in relation
to the work expended in responding to the pleading, motion, or
other paper.

To show that fees are warranted under sections 1681o(b) and 1681n(c), a party

must show a pleading, motion or paper was filed in bad faith or for purposes of

harassment.   Bad faith is not simply "bad judgment or negligence, but implies the

conscious doing of a wrong because of a dishonest purpose or moral obliquity . . .  it

contemplates a state of mind affirmatively operating with furtive design or ill will.' " *Shah*

*v. Collecto, Inc.*, 2005 WL 2216242, *14 (D.MD. Sept. 12, 2005); *Lewis v. Trans Union*

*LLC*, 2006 WL 2861059, at *4 (N.D.Ill. Sept. 29, 2006) (awarding attorney's fees

pursuant to § 1681n(c) based on a showing that the plaintiff "knew of the falsity and

baselessness of the allegations.")

The determination of bad faith or harassment must focus on the plaintiff's mental

state at the time of filing. *See Rogers v. Johnson–Norman*, 514 F.Supp.2d 50, 52

(D.D.C.2007) ("It is not enough to show that the 'pleading, motion, or other paper' in

question 'later turned out to be baseless.") And it is the moving party—*i.e.,* the party

seeking attorney's fees—that bears the burden to show entitlement to such fees. *See*

*Eller v. Experian Info. Solutions, Inc.*, 2011 WL 3365955, at *18 (D. Colo. May 17, 2011)

("It appears the burden is on the party moving for fees under Sections 1681n or 1681o

to demonstrate that they are warranted"); *DeBusk v. Wachovia Bank*, 2006 WL

3735963, *4 (D.Ariz. Nov. 17, 2006) (stating that "[i]t is the burden of the party moving

for fees under §1681n(c) to demonstrate that they are warranted").

   In sum, if the Court makes the requisite finding of bad faith or harassment, it

"shall award to the prevailing party attorney's fees reasonable in relation to the work

expended in responding to the pleading, motion or other paper." 15 U.S.C. § 1681n(c).[2]

---

   [2] While some courts suggest that § 1681n(c) means a filing that is "frivolous, unreasonable, or without foundation", *Smith v. HM Wallace, Inc.*, 2009 WL 3179539, at *2 (S.D.Fla. Oct. 1, 2009); other courts indicate that something a little more than a frivolous filing is required so to trigger attorney's fees. *See Cousineau v. Unifund CCR Partners*, 2012 WL 3135687, at *3 (D.Colo. July 31, 2012) (Arguello. J.) (stating that "although Plaintiff's FCRA claim borders on the frivolous, the Court finds that it was not brought in bad faith or to harass.") Here, the Court need not reconcile this tension because it finds that Plaintiff's substantive claim, based on § 1681i, was not frivolous. Notwithstanding this, the *Cousineau* holding is persuasive for several reasons:

(1) The plain language of the statute expressly states that there must be bad faith and/or harassment. If Congress had meant the filings be frivolous, it would have said as much. *Cf.* Fed. R. Civ. P. 11(b)(2) ("an attorney . . . certifies that . . . legal contentions are warranted . . . and nonfrivolous.")

(2) A reading of §1681i that requires a slightly higher standard would comport with the purpose of the FCRA. Indeed, the purpose of the statute was to protect individuals against the erroneous dissemination of information by credit rating agencies. As the instant case shows, these individuals may be *pro se*. If a frivolous standard is considered a standard lower than that of bad faith, then this could 'chill' the intended purposes of the statute—particularly when Congress has used the words bad faith and harassment. Specifically, individuals will not seek recourse via the FCRA because of fear that they will ultimately be charged fees of those they

## A.    Parties' Arguments

Defendant asserts that Trans Union is entitled to recover attorney's fees because Plaintiff was (1) unsuccessful against Defendant with respect to the section 1681i claim, and (2) that he pled the claim knowing that he was in error.  Defendant places emphasis on the fact that the Magistrate Judge found against Plaintiff on the basis that he did not notify Trans Union of the disputed NCO Financial account that was pled in the Second Amended Complaint.  (ECF No. 33 at ¶ 14.)

The Court disagrees with Defendant's argument.  It is lacking in factual context on several levels, and must be rejected.

First, the Second Amended Complaint was filed by Plaintiff's former Counsel, not by Plaintiff.  Counsel withdrew shortly thereafter leaving Plaintiff to proceed *pro se*. (ECF No. 250 at 1-2.)  And while Plaintiff's Counsel would have been instructed by Mr Eller at the time, those instructions were predicated on a complicated factual history—including a dispute that has spanned over a decade, and which has been mired in a string of settlement agreements.  (ECF No. 155 at 1-2.)  This history is expressly acknowledged in deposition testimony by Plaintiff where he understood

---

oppose for suits that may be considered frivolous, not filed in bad faith.  This could make the statute toothless and disconnect the statute from its intended purpose.  A slightly higher standard, as inferred in *Cousineau*, would thus guard against this outcome.

(3) Unlike some foreign jurisdictions where a loser pay system prevails, the "American Rule" provides that "the prevailing litigant is ordinarily not entitled to reasonable attorney's fees." *Alyeska Pipeline Service Co. v. Wilderness* Society, 421 U.S. 240, 247 (1975).  This case provides some level of context when assessing whether to grant attorney's fees—and demonstrates that a Congressional carve out for attorney's fees is the exception to the rule, and should be reserved for those exceptional cases.

previous settlement agreements as "not relinquishing or waving rights to the Fair Credit Reporting Act." (ECF 240-4 at 3.) In this testimony, he also questions "the validity" of such settlement agreements. (*Id.*) Such evidence for the purposes of this Motion, tends to show that Plaintiff was potentially confused as to his legal rights. It certainly does not support Defendant's contention that he "knew of the falsity and baselessness of the allegations." *Lewis*, 2006 WL 2861059, at *4; *see also Thomas v. Santander Consumer USA*, 2012WL263479, at *3 (M.D.N.C. 2012) (finding the "inferences from the record insufficient to establish that plaintiff filed this action in bad faith or for the purpose of harassment, rather than due to *confusion or mistake*"). (*emphasis added.*)

Second, when the factual history above is coupled with the fact that section 1681i was one of first impression—taking fifty pages to resolve—it is difficult to see how Defendant can succeed in discharging its burden that the Second Amended Complaint was filed with "dishonest purpose or moral obliquity." *Shah*, 2005 WL 2216242, at *14; *see also Smith v. HM Wallace, Inc.*, 2009 WL 3179539, at *2 (S.D.Fla. Oct.1, 2009) (stating that "given the unsettled state of the law, the court cannot conclude" that the plaintiff's action was without foundation.)

Accordingly, because of the unsettled nature of the law in this district, the Court similarly cannot conclude that the Section 1681i claim was without foundation before Plaintiff filed his Complaint.[3] *See Rogers*, 514 F. Supp.2d at 52. ("It is not enough to

_____

[3] Magistrate Judge Tafoya stated that: "the Tenth Circuit [had] not addressed the elements of a plaintiff's claim under Section 1681i" and that after reconciling the authorities and the relevant elements at length, the Magistrate Judge went on to state: "the court finds that the statute and circuit case law suggest the following elements for a claim for negligent noncompliance with Section 1681i: (1) the plaintiff disputed the completeness or accuracy of an item in his consumer file, 15 U.S.C. 1681i(a)(1)(A); (2) the plaintiff notified the consumer

show that the 'pleading, motion, or other paper' in question 'later turned out to be baseless.")

Third, Plaintiff contends that he did not act in bad faith or for harassing purposes because there were additional claims against Trans Union that survived summary judgment.  The Court agrees.  Indeed, the survival of such claims demonstrate a good faith basis for the pleading in its entirety—and provides *indicia* that Plaintiff filed a plausible legal theory against Defendant upon which the Section 1681i claim was initially subsumed.  *See Edwards v. Auto Showcase Motorcars of Palm Beach, LLC*, 2010 WL 1303166, at *1 (S.D.Fla. Apr.14, 2010) (stating that "[b]ecause Plaintiff *did* advance a valid legal theory" at the time of filing, the motion for attorney's fees was denied.)[4]

Finally, this Court had an opportunity to observe Plaintiff's demeanor during the trial of this matter.  He proceeded through trial *pro se.*  He sincerely believed in the validity of his case against Trans Union even though some of his claims had been dismissed at summary judgment.   Given such sincerity in prosecuting his claims as whole, the Court finds that this further points against a finding of bad faith or purposeful harassment at the time the Second Amended Complaint was filed.  *Cousineau*, 2012 WL 3135687, at *3 (holding against the moving party for attorney's fees "given Plaintiff's

---

reporting agency of the dispute, 15 U.S.C. 1681i(a)(1)(A);  (3) the consumer reporting agency failed to conduct a reasonable investigation within the time period allowed, 15 U.S.C. 1681i(a)(1)(A); and (4) the plaintiff suffered actual damages as a result of the inaccurate information in his file, *see, e.g., Rufin–Thompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603, 608 (7th Cir.2005)." (ECF No. 33 at 30-33.)

[4] The Court notes that each of the first and second reasons independently are enough to dispose of the present Motion.  The third and fourth reasons only seek to reinforce the result against Defendant.

seemingly sincere belief that . . . Defendant had [acted] negligently" at the time the complaint was filed).

Accordingly, the Court rejects Defendant's arguments.  It concludes that Plaintiff's action was not filed with dishonest purpose because there is insufficient evidence in the record to suggest any bad faith on the part of Plaintiff at the time his pleading was filed. Nor is there any evidence in the record of a harassing purpose pursuant to Sections 1681n(c) and 1681o(b).

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for Attorney's Fees (ECF. No. 240) is DENIED.

Dated this 12 th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

9