**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-0040-WJM-KMT

GERALD HANSEN ELLER,

    Plaintiff,

v.

TRANS UNION LLC, a Foreign corporation,

    Defendant.

---

### ORDER RE: DEFENDANT'S MOTION FOR COSTS

---

This matter is before the Court on Defendant Trans Union LLC 's ("Trans Union") Motion for Costs ("Motion").  (ECF No. 241.)  Having obtained judgment on October 15, 2012, Defendant now seeks costs for the jury verdict awarded against Plaintiff on all claims.  (ECF No. 236.)  Defendant's Motion is opposed by Plaintiff Gerald Hansen Eller ("Plaintiff").  (ECF No. 249.)

For the reasons set forth below, the Motion is hereby granted.[1]

### I. DISCUSSION

Federal Rule of Civil Procedure 54 makes the award of costs presumptive—*i.e*: "costs other than attorneys' fees shall be allowed as a [matter of] course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1).  The Rule affords broad discretion to a district court judge to grant costs.  *See Mitchell v. City of*

---

[1] The facts and claims relevant in this case are outlined in detail in the Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya ("Recommendation") (ECF No. 155) and also the Court's Order denying Attorney's Fees.  (ECF No. 271.)  Facts in those filings are incorporated herein for simply background purposes.

*Moore*, 218 F.3d 1190, 1204 (10th Cir. 2003). Taxable costs are designated in 28 U.S.C. § 1920 (as adopted in the Form Bill of Costs). Notwithstanding this, the Tenth Circuit has also recognized that certain factors may "justify a district court in exercising its discretion to *deny* recoverable costs, including when the prevailing party was only partially successful when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult." *In re Williams Securities Litigation,* 558 F.3d 1144, at 1150-51.

Here, Defendant argues that costs should be awarded as a matter of course pursuant to Rule 54(d)(1). Plaintiff counters and contends that costs should be denied based on the factors, above. *In re Williams Securities Litigation,* 558 F.3d 1144, 1150-51. Plaintiff's reliance on this case, however, is misplaced because none of the factors meaningfully go to support his position.

First, and contrary to Plaintiff's position, Defendant Trans Union prevailed on all of the claims asserted by Plaintiff against it. The record on this is clear. (ECF No. 236 at 2.) Second, Trans Union received one dollar in nominal damages on its counterclaim. That amount was the maximum Defendant sought from Plaintiff.[2] (ECF No. 252 at 1-2.) Third, and as inferred from the time it took the jury to deliver a verdict, this was not a close or difficult case—at least from the jury's perspective. Specifically, and after a short deliberation of sixty-seven minutes, the jury found that Trans Union was successful on all claims. (ECF No. 234-5.)

---

[2] The Court also notes that Plaintiff paid Defendant on the day that the jury handed down its verdict. And while at one level the award of solely nominal damages is a factor that may lead to denial of costs, that factor in the context is neutral at best and/or cuts in favor of Defendant in this case. *Cf. In re Williams Securities Litigation*, 558 F.3d at 1150-51.

Fourth, the costs requested as witness fees are not excessive. Such fees included only statutory witness and recoverable travel fees. (ECF No. 252 at 2.)[3] These costs, among others—and in the totality of this case—are not unreasonable. *Cf. In re Williams Securities Litigation,* 558 F.3d at 1150-51.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for Costs is GRANTED. (ECF. No. 241.) The Clerk of the Court is DIRECTED to set a hearing for the taxing of such costs, accordingly.

Dated this 16th day of April, 2013.

BY THE COURT:

William J. Martínez
United States District Judge

---

[3] The court also notes that Plaintiff's Brief on costs is no more than 1½ pages. (ECF No. 249.) There is little (if any) application of law to fact, making Plaintiff's argument unpersuasive—particularly in the context of Rule 54 (d)(1). *See Meyer v. Bd. of County Comm'rs*, 482 F.3d 1232, 1242 (10th Cir. 2007) ("[W]e are not charged with making the parties' arguments for them.")